```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION


BIDDY C. WALKER              §
                             §
VS.                          §    ACTION NO. 4:09-CV-369-Y
                             §
PHARIA, LLC, ET AL.          §
```

### OPINION AND ORDER GRANTING MOTION TO DISMISS

Pending before the Court is defendant Pharia, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 27). After review of the motion and related briefs, the Court concludes that the motion should be granted.

### I.  Facts

Plaintiff Biddy C. Walker ("Walker) brought this suit against defendants Pharia, LLC, ("Pharia") and Putonti & Escover PC ("P&E") (collectively, "Defendants"), alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), when attempting to collect on a debt Walker allegedly owed. Walker alleges that Defendants violated the FDCPA by filing suit against him in state court seeking to collect on the debt. In their state-court petition, Defendants alleged that Pharia "entered into a binding loan contract involving the application for, issuance of, and loans pursuant to a credit card with [Walker] which contract was supported by valuable consideration." (Walker's First Am. Compl. (doc. 25) 3, ¶ 9.) Walker further alleges that an affidavit attached to the state-court petition averred to the contrary that Pharia actually had purchased the debt from Unifund, who purchased it from the

original creditor, JP Morgan Chase Bank.  (*Id.* ¶¶ 10-11.)  Walker contends that this contradiction regarding the existence of a contract between himself and Pharia, and even the filing of the lawsuit itself, constitutes a violation of sections 807 and 808 of the FDCPA, 15 U.S.C. §§ 1692e-1692f.

Walker settled his claims against P&E, and those claims were recently dismissed.  Pharia now seeks dismissal of the remainder of Walker's claims under Federal Rule of Civil Procedure 12(b)(6), contending that he has failed to state a viable claim for relief.

## II.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule  must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions).  As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983) (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)).  The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally

construe the complaint in favor of the plaintiff. *Id.* at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Documents attached to or incorporated in the complaint are considered part of the plaintiff's pleading. *See* FED. R. CIV. P. 10(c); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2nd Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

## III. Analysis

A.  The FDCPA

The FDCPA's purpose is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In that vein, section 807 of the FDCPA provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (2) The false representation of--
>
>   (A) the character, amount, or legal status of any debt; . . . .
>
> (5) The threat to take any legal action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (5). A representation is false under section 807 only if it would mislead the unsophisticated or least sophisticated consumer. *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). Such a consumer is "neither shrewd nor experienced in dealing with creditors." *Id.* Nevertheless, he also is not "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (quoting *Taylor v. Perrin Landry DeLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)); *see also Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) ("The 'unsophisticated consumer' isn't a dimwit. She may be

uninformed, naive, [and] trusting, . . . but she has 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences") (quotations and citations omitted). Section 808 of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Walker contends that Pharia violated paragraphs 2 and 10 of section 807 by "falsely represent[ing] in the pleadings in the [s]tate [c]ourt [c]ase that a contract existed between [Walker] and Pharia, and that the breach of that non-existent contract cause[d] damages to Pharia." (Walker's First Am. Compl. 5, ¶ 20(a).) Initially, Walker fails to allege how this purported misrepresentation about the existence of a contract between these two parties constitutes a misrepresentation about "the character, amount, or legal status" of the debt. Pharia's state-court petition specifically avers that the debt is credit-card debt, that the amount owed is $8,121.21, and that the debt is unpaid and due. (Defs.' App. (doc. 29) 4-5, ¶4.) Thus, Walker's claim under paragraph 2 fails.

Moreover, Walker relies upon language in the first few paragraphs of the petition to the exclusion of the remainder of the document. Attached to the petition is an "Affidavit of Indebtedness and Assignment" that provides details about the debt involved. That affidavit makes clear that the

> account was originated with JP MORGAN CHASE BANK, on July 5, 1991[,] under the affinity name of CHASE. UNIFUND CCR PARTNERS purchased this account from JP MORGAN CHASE BANK (which issued the account under the affinity name of CHASE) on January 30, 2008. Said account was fully assigned and

>    transferred to Pharia L.L.C. on May 30, 2008[,] with full
>    power and authority to do and perform all acts necessary
>    for the collection, settlement, adjustment, compromise or
>    satisfaction of the account.

(*Id.* 9.)  Furthermore, requests for admission incorporated into the petition make evident Pharia's contention that Walker originally applied for and received a credit card from JP Morgan Chase, and the requests reflect the account number and the balance allegedly due.

Walker's complaint points to the affidavit attached to the petition in support of his contention that the language in the complaint is false and thus violates the FDCPA.  (Walker's First Am. Compl. (doc. 25) 3, ¶ 10.)  But Walker ignores the fact that even an unsophisticated consumer should have read the entire document, including attachments, to discern the nature of the claim.  *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595 (6th Cir. 2009) ("the least-sophisticated-consumer standard assumes that the document at issue 'is read in its entirety, carefully and with some elementary level of understanding'") (quoting *Fed. Home Loan Mtge. Corp. v. Lamar,* 503 F.3d 504, 510 (6th Cir. 2007); *Cf. Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) ("even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care).  Just because one statement in the complaint is technically inaccurate does not necessarily give rise to liability under the FDCPA:

>    If a statement would not mislead the unsophisticated
>    consumer, it does not violate the FDCPA--even if it is
>    false in some technical sense.  For purposes of § 1692e,
>    then, a statement isn't 'false' unless it would confuse

>   the unsophisticated consumer. *See Turner [v. J.V.D.B. & Assoc., Inc.,]* 330 F.3d [991,] 995 [(7th Cir. 2003)] ("[O]ur test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer."). So, while the FDCPA is a strict liability statute--a collector 'need not be deliberate, reckless, or even negligent to trigger liability," *Ross v. RJM Acquisitions Runding LLC,* 480 F.3d 493, 495 (7th Cir. 2007)--the state of mind of the reasonable debtor is *always* relevant. The upshot? [A plaintiff] can't win simply by showing that [the defendant's] use of [a] term . . . is false in a technical sense; she has to show that it would mislead the unsophisticated consumer.

*Wahl*, 556 F.3d at 645-646. The Court concludes it wholly implausible that any consumer would have been mislead after reading the entirety of Pharia's state-court petition. As a result, Walker's claims under both paragraphs 2 and 10 of section 807 are unavailing. 15 U.S.C. § 1692e(2), (10).

Similarly, Walker has failed to allege a violation of paragraph 5 of that section. Simply put, Walker fails to allege that Pharia threatened to take action that it was not legally entitled to take. Setting aside the issue of whether the taking of action--as opposed to merely threatening action--is sufficient to trigger this provision, *see In re Eastman*, 419 B.R. 711, 729 n.15 (Bankr. W.D. Tex. 2009) (citing *Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir. 1997)), Walker has failed to allege facts demonstrating that Pharia was not justified in filing its petition. Walker does not assert any facts tending to demonstrate that he does not legally owe Pharia the amount claimed. Indeed, the affidavits he refers to in his complaint suggest the contrary.

As a result, Walker's claims under section 808 of the FDCPA fail as well. As previously mentioned, this section prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because the Court has concluded that the misrepresentation Walker alleges is not actually misleading, Walker has failed to state a claim under section 808.

B.  Remaining State-Law Claims

Walker alleges additional state-law claims under the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act, contending that this Court can exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(a). The Court has concluded, however, that his federal-law claims fail to state a claim upon which relief can be granted and thus should be dismissed. The general rule in this circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.3d 580, 585 (5th Cir. 1992). Dismissal is especially appropriate "when the single federal-law claim is eliminated at an 'early stage' of the litigation." *Id.* As a result, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

### IV. Conclusion

For the foregoing reasons, Pharia's Motion to Dismiss is GRANTED. Walker's claims against Pharia under the FDCPA are DISMISSED WITH PREJUDICE to their refiling; his other state-law claims are DISMISSED

WITHOUT PREJUDICE to their refiling in state court.

SIGNED February 18, 2010.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE